I respectfully dissent. I agree with the trial court's conclusion that appellee quit her employment with just cause.
In its judgment entry, the trial court wrote:
 "The only evidence in this case is that [appellee] notified the employer of the sexual harassment, the employer undertook an investigation, chose to find no sexual harassment and did not advise [appellee] as to what specific appropriate actions had been taken to protect her in the workplace. It is not relevant to this decision that [appellee] put up with sexual harassment over a considerable period of time and then waited for a further period of time before notifying the employer. The facts of this case are that [appellee] did put up with sexual harassment over a period of time, waited a considerable period of time to notify her employer, then allowed the employer to investigate. The hearing officer found conclusively that sexual harassment took place. Therefore, the employer has an obligation to undertake actions to protect * * * [appellee] from ongoing sexual harassment. The approach of EDS was simply to offer to place [appellee] into her old job; a job in which she would come into contact with Mr. Briley on a daily basis; a job at which she would be left alone at times on the night shift. * * *
In the present case [appellee] had her attorney report the harassment to EDS and did not resign her employment. EDS undertook an investigation of the matter. EDS requested that [appellee] return to her old job or move with her child to one of its operations in a different area of the country. Neither of these would be reasonable solutions when the hearing officer has found that sexual harassment did in fact occur. * * * "
The court noted that the evidence adduced at the hearing revealed that sexual harassment did, in fact, occur. The court noted that after EDS investigated, EDS requested appellee to return to her old job or take another position with EDS in a different area of the country. The trial court emphasized that EDS did not advise Washington, 98 CA 5. Cline v. State of Ohio, Unemployment Board of Review and Electronic Data Systems Corporation appellee as to what actions had been taken to protect her in the workplace.
I agree with the trial court that appellee could not reasonably be expected to return to the same position with the same potential for sexual harassment when her employer had failed to inform her of the specific steps it had taken to assure appellee that she would no longer be subject to sexual harassment. Thus, I could overrule appellant's assignment of error and affirm the trial court's judgment. Washington App. No. 98CA5
 JUDGMENT ENTRY
It is ordered that the JUDGMENT BE REVERSED and the cause remanded to the trial court for further proceedings consistent with this opinion, costs herein taxed to appellee.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Washington County Court of Common Pleas to carry this judgment into execution.
Any stay previously granted by this Court is hereby terminated as the date of this Entry.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.
Harsha, J.: Concurs in Judgment and Opinion. Able, J.: Dissents with Attached Dissenting Opinion.
For the Court BY: Presiding Judge